UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re:<br>**JESSICA MARGARET CAROLINE BUTLER,**<br><br>Debtor. | CASE NO.: 23-30828-pes<br><br>Chapter 7 |
| **JESSICA MARGARET CAROLINE BUTLER**<br><br>Plaintiff<br><br>vs.<br><br>**UNITED STATES OF AMERICA**<br>**DEPARTMENT OF EDUCATION**<br><br>Defendant. | <br><br><br><br>ADV. PRO. CASE NO.: |

**DEBTOR *JESSICA MARGARET CAROLINE BUTLER* COMPLAINT TO DETERMINE FEDERAL STUDENT LOANS DISCHARGEABLE FOR "UNDUE HARDSHIP" UNDER 11 U.S.C. § 523(a)(8)**

**Nature of Action**

1. This is an adversary proceeding by which the Debtor/Plaintiff, Jessica Margaret Caroline Butler (hereinafter "Butler") seeks a declaration that Federal student loans constitute an undue hardship for Butler and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

**Jurisdiction and Venue**

2. On July 10, 2023, Butler filed a Voluntary Petition in the United States Bankruptcy Court for Southern District Indiana, Indianapolis Division for relief under 11 U.S.C. § 727, Chapter 7 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

## Parties

6. Butler is the Debtor and Plaintiff in the above captioned case. She is the recipient of Federal student loans.

7. Defendant, United States of America Department of Education (hereinafter "DOE"), is a federal agency that oversees and originates Federal student loans. It is the originator and holder of the loans at issue.

8. Mohela, is a loan servicer on behalf of the DOE. Butler's student loans are serviced by 633 Spirit Drive Chesterfield, MO 63005.

## Factual Allegations

9. Jessica Margaret Caroline Butler is a resident of Elkhart, Indiana. She is 55-years-old and *temporality* lives with her one (1) adult child.

10. Currently, there are two (2) federal loans in a principal balance of $82,489.00, plus interest of $14,455.00, totaling $96,994.00.

    a. Direct Consolidated Unsubsidized with a current balance of $68,451.00. It is currently in active bankruptcy.

    b. Direct Consolidated, Subsidized, with a current balance of $27,493.00. It is currently in active bankruptcy.

11. If these loans were not in active bankruptcy, the standard payment collectively would be $1,076.29 per month.

12. Butler is unable to afford the standard payment as her expenses exceed her income. Butler's household income consists of gross income of $3,596.66.

13. Butler did not completed a degree program.

14. Butler was not able to make payments on these loans because when the loans entered repayment, her ability to afford the basic necessities of life exceeded her monthly income.

15. Butler consolidated her loans for fear of the loan growing to astronomical balance due to capitalizing interest.  However, the balance and interest continue to grow.

16. Butler enrolled in an Income Driven Repayment Plan, and her monthly plan payment was less than the standard payment, therefore payments were applied to interest rather than principal.  At this rate and income level, Butler will never achieve paying off these loans.

17. Butler filed bankruptcy to free herself of financial burden to enable her to maintain a basic sense of living.

18. Butler has maximized her income while reducing her expenses.  Butler's basic monthly living expenses are at least $4,299.55.  Currently, she *temporarily* resides with her son.  Additionally, Butler has made changes in her lifestyle to lower utilities, food and other miscellaneous expenses.

19. Butler's current employment is not likely to increase in income to the point that these loans will be affordable.

20. Butler is unable to work a second job because her primary employment mandates overtime production and she would not be able to fully commit to a second employer.  Butler does accept voluntary overtime when it is offered to supplement her income.

### Claims for Relief

*Declaration that Any Federal Student Loan Obligations Should be*

*Discharged Pursuant to Section 523(a)(8)*

21. Butler repeats and realleges the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. The repayment of Federal student loans made by Butler would be an undue hardship to her. She is unable to obtain any reasonable credit so long as these debts remain on her credit.

23. Butler has made repayment attempts in the past, and her payments were only applied to interest; therefore the balances continue to increase.

24. Congress intended student loan debts to be dischargeable when not doing so would serve to frustrate the "fresh start" of the Bankruptcy Discharge. As such, Butler's Federal student loan obligation should be discharged pursuant to Bankruptcy code section 523(a)(8).

25. The most common framework for assessing undue hardship is the so-called Brunner test. Brunner v. New York State Higher Education Services Corp., 831 F.2d 395 (2d Cir. 1987). To discharge a student loan under the Brunner test, a bankruptcy court must find that the debtor has established that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loan, (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

26. Debtor, Jessica Margaret Caroline Butler, by counsel hereby gives notice that she consents to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

WHEREFORE, the Debtor, Jessica Margaret Caroline Butler, respectfully requests this Court to enter an order finding that excepting her student loans from discharge would impose an undue hardship as provided in 11 USC §523(a)(8), declaring the student loans to be included in Plaintiff's discharge under §727(a)/1328(a), and for any other relief as the Court deems just and proper

Dated at Indianapolis, Indiana, this 13th day of October, 2023

                                                Respectfully Submitted,

                                                */s/ Jessica Margaret Caroline Butler*
                                                Jessica Margaret Caroline Butler
                                                *Debtor/Plaintiff*

                                                By her attorney,

                                                */s/ Keith E. Gifford*
                                                Keith E. Gifford
                                                *Attorney for Debtor/Plaintiff*

SAEED & LITTLE, LLP
8777 Purdue Road, Suite 106
Indianapolis, IN 46268
P#: (317) 685-2426
F#: (317) 636-8686
EM: keith@slbankruptcy.com